# In the United States Bankruptcy Court
## for the
## Southern District of Georgia
### Savannah Division

**FILED**

at 4 O'clock & 31 min P M
Date 11/19/07

Samuel L. Kay, Clerk
United States Bankruptcy Court
Savannah, Georgia

In the matter of:

JOEREKA LOCKLEAR
CHRISTINE D. LOCKLEAR

        *Debtors*

)
)
)
)
)
)

Chapter 13 Case

Number 07-41021

## ORDER ON CONFIRMATION

Confirmation in the above-captioned case came on for hearing on November 13, 2007. The Trustee had interposed objections to confirmation asserting the Debtors' case was not filed in good faith and second, that the Debtors Plan did not satisfy the best interest of creditors' test.

The good faith objection centered around contentions that the Debtor wife had previously filed a Chapter 7 case, omitted disclosure of the fact that she had a one-half interest in the parties' residence, and that when she filed this Chapter 13 case she failed to disclose the fact that the previous Chapter 7 case had been filed. While this pattern is extremely troubling to the Court, the Debtor's testimony at the hearing was to the effect that she had been careless and forgetful, but had not intentionally failed in her duty to disclose all material facts to the Court. Debtors' present case apparently has been triggered by substantial medical expenses which have been incurred and which prevent the Debtor wife from working. Although the Court is not entirely satisfied by the Debtor's explanation, there

%AO 72A
(Rev. 8/82)

was no contrary evidence introduced at the hearing, and I conclude that the Debtors have adequately explained these omissions and that the case can proceed over the good faith objection.

The best interest of creditors' test is found in 11 U.S.C. § 1325(a)(4) which provides:

> (a)  Except as provided in subsection (b), the court shall confirm a plan if–
>
> (4)      the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date;

In essence, this section requires that for a Chapter 13 case to be confirmed, unsecured creditors must receive as much in the Chapter 13 as they would in a hypothetical Chapter 7 liquidation case.  Relevant facts on this issue are as follows:

(1) The Debtors' house is valued at $99,000.00.  The debt on the property is $64,006.18 and after deduction of the Debtors' allowed homestead exemptions, the Trustee calculates that the nonexempt equity in the real estate which must be distributed to creditors would total $13,794.00.

(2) Debtors contend that in a Chapter 7 liquidation, the creditors would not receive $99,000.00 less the mortgage and Debtors' exemption, but instead would be subject to a realtor's commission, other expenses of sale, and a Chapter 7 trustee's commission. These expenses could easily exceed ten percent of the gross selling price. They therefore ask the case be confirmed so long as the net amount paid to creditors exceeds $3,700.00, the projected net available to creditors after payment of these expenses. Based on the statutory language, I agree that the amount to be paid in a Chapter 13, since it is measured by hypothetical Chapter 7 liquidation, must be reduced by the amount necessary to pay expenses that could reasonably be anticipated to be incurred in such a Chapter 7 liquidation. *See* In re Keenan, 364 B.R. 786, 802 (Bankr.D.New Mexico, 2007); In re Delbrugge, 347 B.R. 536, 539 (Bankr.N.D.W.Va. 2006)("Appropriate deductions used in making the [liquidation] calculation... include: Chapter 7 trustee's fees, the costs of sale, exemptions, and capital gains tax); In re Plascencia, 354 B.R. 774, 783 (Bankr.E.D. 2006)(deducted a 2% cost of sale); In re Gatton, 197 B.R. 331, 332 (Bankr.D.Colo.1996); In re Hutchinson, 354 B.R. 523, 531 (Bankr.D.Kan.2006); In re Jasmin, 1993 WL 592676, *1 (Bankr.M.D.Pa. 1993); In re Dixon, 140 B.R. 945, 946-47 (Bankr. W.D.N.Y. 1992)("...deducting the costs of sale in making a §1325(a)(4) calculation is consistent with purposes of that subsection."); In re Card, 114 B.R. 226, 228 (Bankr.N.D.Ca. 1990); In re Barth, 83 B.R. 204, 206 (Bankr.D.Conn.1988)("When performing the best-interest-of creditors test, the expenses of a hypothetical chapter 7 liquidation must be accounted for... If a debtor claims liquidation expense in addition to trustee compensation, the burden will be on the debtor to establish such amount.")

The Trustee argues that in determining value under § 506(a), "'if the debtor remains in possession of the collateral, these hypothetical costs [of liquidation] should not be deducted from the collateral.'" The Trustee proposes "[t]he same rule should be applied when determining the interest of an unsecured creditor in the Debtors' property." Brief in Support of Trustee's Objection to Confirmation, Dckt.No. 32, p. 5 (September 27, 2007).

I find that Trustee's contention is incorrect. If I were valuing the creditor's interest here, I would agree with the Trustee. But value of the house is not at issue since it is undisputed at $99,000. The issue here "is how much dollars and cents would this creditor get in a Chapter Seven liquidation." In re Jasmin, 1993 WL 592676 at *1. As stated above, the costs of selling a property would be deducted from what the unsecured creditors would receive in a Chapter 7 liquidation.

This Court takes judicial notice of the hundreds of cases over which it has presided over the past twenty-plus years in which realtors are hired by trustees to assist in the liquidation of assets. Real estate commissions have ranged from as low as four percent to as high as ten percent depending on the listing price of the property and whether it is residential, farmland, or commercial. I conclude, based on my experience and knowledge, that a six percent commission on residential real estate of this value would be the most typical rate that a Chapter 7 trustee would expect to incur in selling the real estate. *See* In re Plascencia, 354 B.R. at 783(assuming a 2% cost of sale); In re Dixon, 140 B.R. at 947(using a 10% cost of sale figure based on the well found experience of the court and considering the

amount of real estate commissions and trustee's fees incurred as part of a normal sale.).

Thus, I hold Debtors are entitled to a six percent deduction off the gross selling price before determining the amount that has to be disbursed to unsecured creditors. In addition, in a Chapter 7 case, the Chapter 7 trustee is entitled to a commission on property which is administered by the trustee. 11 U.S.C. § 326 provides in essence that the trustee can receive commission not to exceed twenty-five percent of the first $5,000.00 administered, ten percent on the amount over $5,000.00 but not to exceed $50,000.00, and five percent on the amount in excess of $50,000.00 up to one million dollars. On a sale of property worth $100,000.00, this would result in a "blended percentage" of approximately eight percent. Debtors are arguably entitled to an additional $8,000.00 deduction from the gross sales price to account for the trustee's commission. However, that section establishes only the cap and is not an absolute entitlement. Because it is less certain that a Court would award a full blended commission of eight percent on a $100,000.00 sale if the matter were a routine real estate transaction, which the trustee was able to close without undue delay, expense or difficulty, I conclude that an additional two percent reduction rather than eight percent should be allowed. As a result, I concluded that the expenses of sale in a hypothetical Chapter 7 would total at least eight percent of the sales price or $8,000.00. This yields $5,794.00 as the amount which must be paid in this Chapter 13 case in order to meet the best interest of creditors' test.

Because the Debtors' plan payments of $610.00 per month will, in fact,

generate a dividend in that amount, I announced the plan would be confirmed, but that I would enter a subsequent written order in the event that either party wished to appeal the Court's decision. I was informed that a written ruling was requested, and this Order is entered in order to provide the record from which an appeal can be taken, either by the Debtors because I did not allow the full deduction which they requested of ten percent, or by the Trustee because I allowed any deduction whatsoever.

_____

Lamar W. Davis, Jr.
United States Bankruptcy Judge

Dated at Savannah, Georgia

This 19th day of November, 2007.